UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


KEON WALKER,                         :
                                     :
      Plaintiff,                     :
                                     :   PRISONER
V.                                   :   Case No. 3:06-CV-339(RNC)
                                     :
BRANDON PUTMAN,                      :
                                     :
      Defendant.                     :


RULING AND ORDER

      Plaintiff, a Connecticut inmate proceeding pro se and in
forma pauperis, brings this action under 42 U.S.C. § 1983 against
the special public defender who represented him in state court
seeking damages for ineffective assistance of counsel.  Because
the complaint lacks an arguable basis in law and fails to state a
claim on which relief may be granted, the complaint is dismissed
pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

I.    Standard of Review

      Plaintiff has been granted leave to proceed in forma
pauperis pursuant to 28 U.S.C. § 1915(a).  The court is required
to dismiss an in forma pauperis complaint at any time if it
determines that the case "(i) is frivolous or malicious; (ii)
fails to state a claim on which relief may be granted; or (iii)
seeks monetary relief against a defendant who is immune from such
relief."  28 U.S.C. § 1915(e)(2)(B).  The dismissal of a
complaint by a district court under any of these three enumerated

subsections is mandatory rather than discretionary.  See Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000).

An action is frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i) when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy," or "the claim is based on an indisputably meritless legal theory."  Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (quoting Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)) (internal quotation marks omitted).  "A claim is based on an 'indisputably meritless legal theory' when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint."  Id. (citations omitted).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a district court must also dismiss an in forma pauperis complaint if it fails to state a claim upon which relief may be granted.  See Cruz, 202 F.3d at 596.  In reviewing the complaint, the court "accept[s] as true all factual allegations" and draws inferences from these allegations in the light most favorable to the plaintiff.  Id. Dismissal of the complaint under this provision is appropriate only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Id. at 597 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

2

II.  <u>Discussion</u>

To plead a legally sufficient claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that the defendant violated the plaintiff's federal rights while acting under color of state law, that is, while "exercising power 'possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law.'" <u>Polk County v. Dodson</u>, 454 U.S. 312, 317-18 (1981) (quoting <u>United States v. Classic</u>, 313 U.S. 299, 326 (1941)).  The complaint does not allege this essential element.

A public defender, although paid by the state, does not act under color of state law.  The public defender's role "is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed." <u>Id.</u> at 319.  The essence of this function is to act solely on behalf of the defendant, who stands in an adversarial position with regard to the state, not to act on the state's behalf.

Accordingly, § 1983 does not provide a cause of action against a public defender who allegedly violates his client's rights while acting in the traditional role of defense counsel. <u>See</u> <u>id.</u> at 325; <u>Rodriguez v. Weprin</u>, 116 F.3d 62, 65-66 (2d Cir. 1997).  A public defender who conspires with state officials to violate his client's rights may be held liable under § 1983 only if he abandons his adversarial role and acts under color of state

law.  <u>Tower v. Glover</u>, 467 U.S. 914, 920-23 (1984).  To

adequately allege such a claim, a complaint must contain more

than vague or conclusory allegations of a conspiracy.  <u>See</u>

<u>Ciambriello v. County of Nassau</u>, 292 F.3d 307, 324 (2d Cir.

2002).  The complaint in this case, generously construed in favor

of the pro se plaintiff, makes no conspiracy allegations at all.

III. <u>Conclusion</u>

Because the complaint lacks an arguable basis in law and

fails to state a claim upon which relief can be granted, it is

hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Moreover, because plaintiff's allegations provide no basis for

believing that defendant abandoned his role as defense counsel

and conspired with the state to violate plaintiff's rights, the

complaint is dismissed without leave to amend.

So ordered.

Dated at Hartford, Connecticut this 24th day of August 2006.


                              _____/s/_____
                                 Robert N. Chatigny
                              United States District Judge